UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEY E. JACKSON,

    Plaintiff,

v.                                                                    Case No. 8:09-cv-2382-17TBM

HAROLD W. OTTO, JR. and
HAROLD W. OTTO, LLC,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

This cause comes before the Court on Plaintiff's Motion for Summary Judgment, filed May 21, 2010 (Dkt. 14), and Defendants' response thereto filed May 1, 2010 (Dkt. 15). For the reasons set fourth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Plaintiff, Joey Jackson ("Jackson"), filed a complaint against Defendants, Harold W. Otto, Jr. and Harold W. Otto, LLC, on November 23, 2009. (Dkt. 1). Jackson's complaint alleged that Harold W. Otto, Jr. and Harold W. Otto, LLC violated the Fair Labor Standards Act, 29 U.S.C. § 201-209, and that Jackson was entitled to back pay in the full amount of regular time, overtime, liquidated damages under Florida Statutes Sections 448.07, 448.109 and 448.110, interest, reasonable attorney's fees under 448.08 and costs of suit. (Dkt.1).

On June 28, 2008, Jackson reported to work at the residence of Mr. Otto at approximately 5:30 a.m. Jackson was then transported to a job site where he was to tear off an old roof. After

working for three hours, Jackson fell from the roof and was injured. Harold W. Otto, Jr. and Harold W. Otto, LLC refused to pay Jackson for the time worked.

Harold W. Otto, Jr. and Harold W. Otto, LLC failed to file an answer to the initial complaint upon appropriate service of process. As a result a default judgment was entered against Harold W. Otto, Jr. (Dkt. 12) and Harold W. Otto, LLC (Dkt. 13) on January 25, 2009.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 Provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id* at 248. In reviewing the motion, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party, and all reasonable doubts about the facts are resolved in the favor of the non-movant. *Dadeland Depot, Inc v. St. Paul Fire and Marine Ins. Co*., 483 F.3d 1265, 1268 (11th Cir. 2007).

When a party fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all the other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The moving party is 'entitled to judgment as a matter of law' because the nonmoving

party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id*. at 323.

## DISCUSSION

In evaluating plaintiff's motion for summary judgment, this Court must consider the default entered against Harold W. Otto, Jr. and Harold W. Otto, LLC. This default was entered due to the defendant's failure to answer the original complaint (Dkt. 1). As a result all the alleged facts in the original complaint (Dkt. 1) must be taken as true.

In this case, the defendants have offered no reason for the default or challenged its validity. Where a party offers no good reason for the failure to file an answer, entry of default is appropriate, and it would be an abuse of discretion to set aside a default or default judgment where no good reason has been offered for the default. *Gower v. Knight*. 833 F.2d 1515 (11th Cir 1987). Therefore, the default is valid and the alleged facts are established as true.

It is established that Jackson was an employee of Harold W. Otto, Jr. and Harold W. Otto, LLC. It is also established that Jackson was not compensated for his time worked on June 28, 2008. Jackson is entitled to such compensation under 29 U.S.C. § 206. Jackson is also entitled to attorney's fees pursuant to Fla. Stat. § 448.08.

In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co*., 708 F.2d 655 (11th Cir 2004). If the determination of the case rests on which competing version of the facts is true, the case should be submitted to the trier of fact. *Rollins v. TechSouth, Inc*., 833 F.2d 1525, 1531 (11th Cir. 1987). After evaluating all the pleadings, depositions, and declarations put forth

by both parties in the light most favorable to Harold W. Otto, Jr. and Harold W. Otto, LLC, no genuine issue of material fact exists regarding Jackson's claim. There is no genuine issue of material fact because all the alleged facts in Jackson's original complaint (Dkt. 1) must be taken as true. This is a result of the default entered against Harold W. Otto, Jr. (Dkt. 12) and Harold W. Otto, LLC (Dkt. 13). The only possible issue left is the amount of damages owed to Jackson. However, Jackson is only seeking the minimal amount, one hour of wages ($12.50) and attorney's fees ($250.00). Therefore, there is no issue as to this amount, which totals $262.50. Accordingly summary judgment based on the default is appropriate in this case. Accordingly, it is:

**ORDERED** that Plaintiff's Motion for Summary Judgment be **GRANTED**. The Clerk of Court shall enter a final judgment in favor of the Plaintiff in the amount of $262.50 and shall close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this day of June 29, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record